Reese, J.
delivered the opinion of the court.
The indictment charged, that Dobkins and one Jones, “upon the 1st day of March, 1838, upon the plantation of Joseph McVay and William McVay, in the county of Claiborne, unlawfully did bet twenty dollars upon a horse race. And the jurors further present and say, that said horse race was not run upon a track or path kept for the purpose of'horse racing.” And, therefore, the plaintiff in *425 error, here enquires, was the race run at all, or upon any track? It is certainly notso averredin the indictment, unless the words “did bet upon a horse ra.ce,” by their own proper meaning and force, announce that the race had “come off” or been executed. This court, acting in pursuance of the remedial principle prescribed by the act of 1824, ch. 5, sec. 5, for suppression of gaming, has held, that the words “did gamble” and “did game” contain and express, ex vi termini, the conjoint facts that a bet or wager was laid, and that the act to which it related was executed. This was going a good ways, and to the very verge. But here is the term “bet" upon a horse race, and to contend that the event or “coming off” of the race itself, as an act executed, is fairly involved in the meaning of the term, would be to strétch that term into an amplitude of meaning, violative of the language.
We are of opinion, therefore, that the judgment in this case rendered, must be reversed and arrested, and that the defendant go hence without day, &e.
Note. — For the various decisions of this State on the subject of gaming, see Cook’s Rep. 383: Peck, 93, 196: Martin & Yerger, 127, 129, 262 : 2 Yerg. 272, 472, 524 : 3 Yerg. 469 : 5 Yerg. 144, 184, 363, 367: 6 Yerg. 288 : 9 Yerg. 184, 389: Meigs, 99: 1 Humphreys, 384, 486.